IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RODREGUS WATTS, | : |
| Petitioner | : |
| VS. | : CIVIL NO. 7:13-CV-132-HL-TQL |
| Warden CEDRIC TAYLOR, | : |
| Respondent | : |

**ORDER**

Petitioner **RODREGUS WATTS**, an inmate currently confined at Valdosta State Prison in Valdosta, Georgia, has filed the above-captioned proceeding in this Court challenging the execution of his state sentence. Under the rules governing habeas corpus actions, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." See 28 U.S.C. § 2254 Rule 4; McFarland v. Scott, 512 U.S. 849, 856, 114 S.Ct. 2568, 2572, 129 L.Ed.2d 666 (1994); see also 28 U.S.C. § 2243.[1] It is clear from the face of the present application that Petitioner is not now entitled to relief in the district court; Petitioner has not exhausted the state remedies available to him.

"The federal habeas corpus statute, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and as interpreted by the United States Supreme Court, limits the power of a federal court to grant a writ of habeas corpus vacating the conviction

---

[1] "Although Petitioner brought this habeas action pursuant to § 2241 rather than § 2254, Rule 1(b) of the § 2254 Rules allows the court to apply these rules in § 2241 cases." Obojes v. Florida, No. 5:09cv194/RS–EMT, 2009 WL 3871933, *2 n.5 (N.D. Fla. Nov. 18, 2009).

1

of a state prisoner . . . ." Hardy v. Commisioner, Ala. Dept. of Corr., 684 F.3d 1066, 1074 (11th Cir. 2012) (citing Cullen v. Pinholster, -- U.S. --, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011); 28 U.S.C. § 2254(b)–(c)). One of those limitations is that a district court "may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies." Cullen, 131 S.Ct. at 1398. A state prisoner is thus required to "exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 24l (1886)). This procedural requirement applies regardless of whether a state prisoner's habeas petition is filed under 28 U.S.C. § 2241 or § 2254. Medberry v. Crosby, 351 F.3d 1049, 1052-53, 1058-62 (11th Cir. 2003).

A prisoner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court." Gore v. Crews, 720 F.3d 811, 815 (11th Cir. 2013); 28 U.S.C. § 2254(c). The exhaustion requirement reflects a policy of comity between state and federal courts. It is "an accommodation of our federal system designed to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (quoting Fay v. Noia, 372 U.S. 391, 438 (1963)). A state prisoner must, therefore, present "his constitutional claim to the state courts, to afford them an opportunity to correct any error that may have occurred." Hardy , 684 F.3d at 1074 (citing Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam)). "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." Gore, 720 F.3d at 815 (citing Rose v. Lundy, 455 U.S. 509, 519–20, 102 S.Ct. 1198, 1203–05, 71 L.Ed.2d 379 (1982); Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010)).

In this case, Petitioner's application plainly shows that he has not exhausted the remedies

available to him in the state courts.  Though Petitioner has apparently filed an administrative grievance with the Department of Corrections, he has not yet filed any petition for relief in the state courts.  Thus, to proceed in this action, Petitioner must establish that there is an "absence of available state corrective process" or that "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B).   Petitioner makes no such showing here.

Because this failure to exhaust cannot be cured by permitting Petitioner an opportunity to amend, his application shall be **DISMISSED** without prejudice.  Once Petitioner has exhausted all avenues available to him in the state courts and thereby afforded the State an opportunity to review his grounds for relief, he may return to federal court, if necessary.  Petitioner's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** only for the purpose of dismissal.

**SO ORDERED**, this 31st day of October, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr